FILED
CLERK, U.S. DISTRICT COURT

OCT -1 2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ___rsm___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

| UNITED STATES OF AMERICA, | 2:24-CR-00576-FLA |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing Firearms Without a License; 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| CHRISTIAN FORBES, aka "Bus," | |
| Defendant. | |

The Grand Jury charges:

[18 U.S.C. § 922(a)(1)(A)]

Beginning on or before January 5, 2022, and continuing through on or about March 23, 2022, in Los Angeles County, within the Central District of California, defendant CHRISTIAN FORBES, also known as "Bus," not being licensed as an importer, manufacturer, or dealer of firearms, willfully engaged in the business of dealing in firearms, specifically, the sale of the following firearms, on or about the following dates:

///

| DATE | FIREARM(S) |
|---|---|
| January 5, 2022 | A Smith & Wesson, model M&P 45, .45 caliber semiautomatic pistol, bearing serial number DTA9701. |
| January 12, 2022 | A Bersa, model 383, .380 caliber semiautomatic pistol, bearing serial number 149497. |
| February 2, 2022 | An assault rifle of unknown caliber, bearing no serial number (commonly referred to as a "ghost gun"). |
| March 10, 2022 | A Taurus, model G2S, 9mm caliber semiautomatic pistol, bearing serial number TLU20146. |

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a)   All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

   (b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

///

///

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

KEVIN J. BUTLER
Assistant United States Attorney
Acting Chief, Violent & Organized Crime Section

JENA A. MACCABE
Assistant United States Attorney
Violent & Organized Crime Section